Kimmel & Silverman, P.C.
30 East Butler Pike
Ambler, PA 19002
Telephone: (215) 540-8888
Attorney of Record: Amy L. B. Ginsburg (AB0891)
Attorney for Plaintiff

**UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF NEW JERSEY**

| | |
|---|---|
| ALVINA BEAUPIERRE, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Case No.: |
| v. ) | |
| ) | COMPLAINT AND DEMAND FOR JURY |
| MIDLAND CREDIT MANAGEMENT, ) | TRIAL |
| INC., ) | |
| ) | (Unlawful Debt Collection Practices) |
| Defendant. ) | |

## **COMPLAINT**

ALVINA BEAUPIERRE ("Plaintiff"), by and through her attorneys, KIMMEL & SILVERMAN, P.C., alleges the following against MIDLAND CREDIT MANAGEMENT, INC. ("Defendant"):

### **INTRODUCTION**

1. Plaintiff's Complaint is based on the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §1692 *et seq*. and the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. §227.

### **JURISDICTION AND VENUE**

2. Jurisdiction of this court arises pursuant to 15 U.S.C. §1692k(d), which states that such actions may be brought and heard before "any appropriate United States district court without regard to the amount in controversy," and 28 U.S.C. §1331 grants this court original jurisdiction of all civil actions arising under the laws of the United States.

3. Defendant conducts business in the State of New Jersey, and as such, personal jurisdiction is established.

4. Venue is proper pursuant to 28 U.S.C. §1391 (b)(2).

**PARTIES**

5. Plaintiff is a natural person residing in Sicklerville, New Jersey 08081.

6. Plaintiff is a "consumer" as that term is defined by 15 U.S.C. §1692 a(3).

7. Plaintiff is a "person" as that term is defined by 47 U.S.C. §153(39).

8. Defendant is a national debt collection company with its corporate headquarters located at 2365 Northside Dr., Suite 300, San Diego, CA 92108.

9. Defendant collects, and attempts to collect, consumer debts incurred, or alleged to have been incurred, for personal, family or household purposes on behalf of creditors and debt buyers using the U.S. Mail, telephone and/or internet.

10. Defendant is a "debt collector" as that term is defined by 15 U.S.C. §1692 a(6), and sought to collect a debt from Plaintiff.

11. Defendant is a "person" as that term is defined by 47 U.S.C. §153(39).

12. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

**FACTUAL ALLEGATIONS**

13. Plaintiff has a cellular telephone.

14. Plaintiff has only used this telephone as a cellular telephone.

15. Defendant was attempting to collect an alleged medical debt inquired by Plaintiff.

16. The alleged debt at issue arose out of transactions that were primarily for personal, family or household purposes, relating to a hospital debt.

17. Beginning in or around May 2018 and continuing through at least July 2018, Defendant's collectors placed repeated harassing telephone calls to Plaintiff's cellular telephone in its attempt to collect the debt.

18. Defendant has placed telephone calls to Plaintiff from numbers including, but not limited to: (877) 366-0628. The undersigned has confirmed that this number belongs to Defendant.

19. Upon the initiation of calls in or around May 2018 or shortly thereafter, Plaintiff informed Defendant that she did not wish to receive such calls to her cellular telephone number, thereby demanding that Defendant stop placing calls to her cellular telephone regarding the alleged debt.

20. Despite Plaintiff advising Defendant to stop calling, Defendant continued to call her cellular telephone number continuing through at least July 2018.

21. Once Defendant was aware that its calls were unwanted, any further calls could only have been for the purpose of harassing and coercing payment from Plaintiff.

22. Despite Plaintiff's instruction to stop calling, Defendant Plaintiff's request and continued to call Plaintiff through in or around July 2018.

23. During this time, Defendant contacted Plaintiff using an automated telephone dialing system and/or pre-recorded voice.

24. Plaintiff knew that Defendant's calls were automated as the calls would often begin with a noticeable pause or delay before a live representative would come on the line.

25. Plaintiff eventually was forced to download an application on her cellular telephone in order to block calls from Defendant.

26. Finally, within five days of its initial contact with Plaintiff, Defendant failed to send anything in writing to Plaintiff setting forth her rights pursuant to the FDCPA.

## COUNT I
## DEFENDANT VIOLATED §§1692d and 1692d(5) OF THE FDCPA

27. Plaintiff incorporates the forgoing paragraphs as though the same were set forth at length herein.

28. A debt collector violates §1692d of the FDCPA by engaging in conduct the natural consequence is to harass, oppress, or abuse any person in connection with the collection of a debt.

29. A debt collector violates §1692 (d)(5) of the FDCPA by causing a telephone to ring or engaging any person in telephone conversation repeatedly or continuously with the intent to annoy, abuse or harass any person at the called number.

30. Defendant violated §§1692d and 1692d(5) when it placed repeated harassing telephone calls to Plaintiff and continued calling knowing its calls were unwanted.

## COUNT II
## DEFENDANT VIOLATED THE TCPA

31. Plaintiff incorporates the forgoing paragraphs as though the same were set forth at length herein.

32. Defendant initiated automated calls to Plaintiff using an automatic telephone dialing system.

33. Defendant's calls to Plaintiff were not made for emergency purposes, but rather to attempt to collect a debt relating to Capital One.

34. Defendant's calls to Plaintiff after May 2018 were not made with Plaintiff's prior express consent.

35. The acts and/or omissions of Defendant were done unfairly, unlawfully, intentionally, deceptively and fraudulently and absent bona fide error, lawful right, legal defense, legal justification or legal excuse.

36. Defendant's acts as described above were done with malicious, intentional, willful, reckless, wanton and negligent disregard for Plaintiff's rights under the law and with the purpose of harassing Plaintiff.

37. As a result of the above violations of the TCPA, Plaintiff has suffered the losses and damages as set forth above entitling Plaintiff to an award of statutory, actual and trebles damages.

WHEREFORE, Plaintiff, ALVINA BEAUPIERRE, respectfully prays for judgment as follows:

a. All actual damages suffered by Plaintiff pursuant to 15 U.S.C. §1692(k)(a)(1);

b. Statutory damages of $1,000.00 for the violation of the FDCPA pursuant to 15 U.S.C. §1692 (k)(a)(2)(A);

c. All reasonable attorneys' fees, witness fees, court courts and other litigation expenses incurred by Plaintiff pursuant to 15 U.S.C. §1693 (k)(a)(3);

d. All actual damages suffered pursuant to 47 U.S.C. § 227(b)(3)(A);

e. Statutory damages of $500.00 per violative telephone call pursuant to 47 U.S.C. § 227(b)(3)(B);

PLAINTIFF'S COMPLAINT

f. Treble damages of $1,500.00 per violative telephone call pursuant to 47 U.S.C. §227(b)(3);

g. Injunctive relief pursuant to 47 U.S.C. § 227(b)(3);

h. Any other relief deemed appropriate by this Honorable Court.

## DEMAND FOR JURY TRIAL

PLEASE TAKE NOTICE that Plaintiff, ALVINA BEAUPIERRE, demands a jury trial in this case.

## CERTIFICATION PURSUANT TO L.CIV.R.11.2

I hereby certify pursuant to Local Civil Rule 11.2 that this matter in controversy is not subject to any other action pending in any court, arbitration or administrative proceeding.

Respectfully submitted,

Dated: 4/5/19    By:    /s/ Amy L. Bennecoff Ginsburg
Amy L. Bennecoff Ginsburg, Esq.
Kimmel & Silverman, P.C.
30 East Butler Pike
Ambler, PA 19002
Phone: (215) 540-8888
Email: aginsburg@creditlaw.com